# EXHIBIT 1

| | |
|---|---|
| ADAIR C. EBERSOLE<br>106 Potomac Street<br>Boonsboro, MD 21713<br><br>    Plaintiff,<br><br>vs.<br><br>FIAT CHRYSLER AUTOMOBILES US, LLC<br>a/k/a FCA US, LLC<br>a/k/a CHRYSLER GROUP, LLC<br>1000 Chrysler Drive<br>Auburn Hills, MI 48326<br><br><u>SERVE ON:</u><br>THE CORPORATION TRUST, INC.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>    Defendants. | **IN THE CIRCUIT COURT FOR<br>BALTIMORE CITY**<br><br><br>CASE NO.: 24-C-23-000254 MT |

## COMPLAINT AND REQUEST FOR JURY

1.    This case arises from a defective 2010 Dodge Ram 1500 vehicle manufactured, distributed, and supplied by Defendant, Fiat Chrysler Automobiles US, LLC ("Defendant" or "FCA US LLC").

2.    Plaintiff Adair Ebersole was injured by Defendant's defective 2010 Dodge Ram 1500 and seeks recovery for her bodily injuries, lost wages, physical and mental pain, past and future medical expenses past and future pain and suffering, increased risk of future harm and permanent injury.

3.    Plaintiff Adair Ebersole ("Plaintiff" or "Ebersole") is a resident of Maryland, residing at 106 Potomac Street, Boonsboro, MD 21713.

4.    Defendant, FCA US LLC, is a Limited Liability Company organized and existing under the laws of the state of Delaware and it maintains its principal place of business in Auburn

1

Hills, Michigan.   Fiat Chrysler Automobiles US, LLC, is therefore a citizen of Michigan.  Fiat Chrysler Automobiles US, LLC, designs, develops, and markets automobiles, including 2010 Dodge Ram 1500s, to consumers. Fiat Chrysler Automobiles US, LLC, serves customers worldwide, and is currently registered to do business in the State of Maryland.

5.      Personal jurisdiction is proper in this Court pursuant to Maryland Courts and Judicial Proceedings Section 6-103 as Defendant either resides or regularly does business in the State of Maryland.

6.      Venue is proper in this Court pursuant to Maryland Courts and Judicial Proceedings Section 6-201(a) as Defendant either resides or regularly does business in Baltimore City, Maryland, and/or because the incident complained of occurred in Baltimore City, Maryland.

7.      At all times relevant herein, Defendant developed, manufactured, advertised, promoted, marketed, sold and/or distributed the defective automobiles, including Plaintiff's vehicle, in the United States.

## FACTUAL BACKGROUND

8.      On or before January 22, 2020, Plaintiff purchased Defendant's 2010 Dodge Ram 1500 (VIN No. 1D7RV1GT6AS201623).

9.      On January 22, 2020, at approximately 5:30PM, Ms. Ebersole was driving her 2010 Dodge Ram 1500 westbound on I-70 near mile marker 38 in Washington County, Maryland, when she lost control of the vehicle.

10.     Ms. Ebersole impacted a second vehicle before she struck the embankment and overturned multiple times onto the 2010 Dodge Ram 1500's roof, resulting in major neck and back injuries.

2

11.     Accident reconstruction experts, Robson Forensic (RF), confirmed at least two defects in the crashworthiness of Plaintiff's 2010 Dodge Ram 1500: (1) the driver's seatbelt pre-tensioner did not deploy and (2) the vehicle had defective, weak roof pillar strength, and inadequate roof structure strength.

12.     Upon information and belief, additionally, the roof structure did not comply FMVSS and/or NHTSA standards/regulations (to include but not be limited to FMVSS 216) and/or other applicable automobile safety standards.

13.     First-responding EMS reported the roof's intrusion into the occupant area (greater than 12 inches) and the cabin (greater than 18 inches), and that the front airbag did not deploy despite side airbag deployment.

14.     Plaintiff suffered from disc herniation in her neck, central disc herniation at L4-L5, a cervical sprain and lumbar sprain, and severe inflammation in her neck around her fused vertebrae.

15.     Although Ms. Ebersole had a previous history of neck and back pain and had surgery on September 25, 2019, to fuse vertebrae C5-C6 and C6-C7, her symptoms were resolved post-surgery with physical therapy, and she experienced significant improvement until the motor vehicle accident of January 22, 2020.

16.     Due to Plaintiff's chronic pain and discomfort, Plaintiff will continue to suffer additional harmful effects in the future and is at increased risk of additional future harm.

17.     All the injuries and complications suffered by Plaintiff were caused by the defective design, warnings, manufacturing, and unreasonably dangerous character of the 2010 Dodge Ram 1500.

18.     Upon information and belief, Defendant has aggressively marketed the 2010 Dodge Ram 1500 despite knowledge of their defects and dangers and without regard to consumer safety or suffering.

19.     Upon information and belief, had Defendant not misrepresented or concealed the known defects, the known complications, and the unreasonable risks associated with the use of the 2010 Dodge Ram 1500, Plaintiff would not have consented to operating the vehicle.

20.     As a result of these defects, Plaintiff has suffered severe pain, severe physical limitations, difficulty standing and walking, inability to perform certain activities, and fatigue. Additionally, Plaintiff has endured, or will endure, unnecessary pain and suffering; debilitating lack of mobility; prolonged recovery time; physical therapy and lost wages.

**WHEREFORE,** Plaintiff respectfully demands the following:

a.  Judgment against Defendant for all damages to which Plaintiff is entitled by law, including punitive damages in excess of $75,000;

b.  All costs incurred in the pursuit of this case, including reasonable attorneys' fees;

c.  Restitution of all purchase costs and disgorgement of all profits from monies that Plaintiffs paid for the 2010 Dodge Ram 1500, together with damages, interest, costs and attorneys' fees, and such other relief as provided by law;

d.  An award of any and all applicable statutory damages, including all applicable exemplary and punitive damages;

e.  All pre-judgment and post-judgment interest; and

f.  Any other relief that this Court deems to be just and equitable.

**COUNT I – STRICT PRODUCT LIABILITY**
**(Failure to Warn)**

4

21.     Plaintiff realleges and reincorporates each of the allegations above and below as if set forth fully herein.

22.     At all times relevant herein, the Defendant was engaged in the business of designing, developing, testing, manufacturing, marketing, distributing, and selling the 2010 Dodge Ram 1500.

23.     At all times relevant herein, the Defendant manufactured, distributed, marketed and sold the defective 2010 Dodge Ram 1500 to dealerships, consumers, and the public, including Plaintiff, with knowledge of the defects.

24.     Defendant had a duty to place into the stream of commerce, manufacture, distribute, market, promote and sell the 2010 Dodge Ram 1500 in such a condition that it was neither defective or unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

25.     Defendant knew and expected that the 2010 Dodge Ram 1500 it was manufacturing, designing, selling, distributing, supplying, marketing and/or promoting would reach dealerships, consumers, and the public in the State of Maryland, including the Plaintiff, without a substantial change in the product's condition.

26.     At the time the 2010 Dodge Ram 1500 left the possession of the Defendant and at the time the vehicle entered the stream of commerce, the 2010 Dodge Ram 1500 was in a defective and/or unreasonably dangerous condition. These defects include, but are not limited to, the following.

   a.  The 2010 Dodge Ram 1500 was not reasonably safe as intended to be used;

   b.  The 2010 Dodge Ram 1500 did not have an adequate design for its intended purpose;

5

c. The 2010 Dodge Ram 1500 contained unreasonably dangerous design defects, including an inherently unstable and defective design which resulted in an unreasonably high probability of seatbelt pre-tensioner failure and roof collapse (i.e. the driver's seatbelt pre-tensioner did not deploy and the vehicle had defective, weak roof pillar strength, and inadequate roof structure strength);

d. The 2010 Dodge Ram 1500's unstable and defective design resulted in risks which exceeded the benefits of the vehicle;

e. The 2010 Dodge Ram 1500 has a propensity to fail;

f. The 2010 Dodge Ram 1500's unstable and defective design resulted in a vehicle that was more dangerous than the ordinary consumer would expect;

g. The 2010 Dodge Ram 1500 failed to perform in a manner reasonably expected in light of its nature and intended function and subjected the Plaintiff to an unreasonable risk of harm beyond that contemplated by an ordinary consumer;

h. The 2010 Dodge Ram 1500 was insufficiently tested;

27.     The Defendant's warning about the dangers the 2010 Dodge Ram 1500 posed to consumers, including Plaintiff, was inadequate. Examples of the inadequacy of the Defendant's warnings include, but are not limited to, the following:

i. The 2010 Dodge Ram 1500 contained warnings insufficient to alert Plaintiff as to the risk of adverse events associated with the 2010 Dodge Ram 1500, subjecting Plaintiff to risks which exceeded the benefits of the vehicle;

ii. The 2010 Dodge Ram 1500 contained misleading warnings emphasizing the efficacy of the vehicle while downplaying the risks associated with it

6

thereby making the use of the 2010 Dodge Ram 1500 more dangerous than the ordinary consumer would expect;

iii. The 2010 Dodge Ram 1500 contained insufficient and/or incorrect warnings to alert consumers, including Plaintiff, regarding the risk, scope, duration, and severity of the possible failure associated with the 2010 Dodge Ram 1500;

iv. The 2010 Dodge Ram 1500 was not disclosed that it was inadequately tested;

v. Defendant and the vehicle failed to convey adequate post-marketing warnings regarding the risk, severity, scope and/or durations of the dangers posed by the 2010 Dodge Ram 1500;

vi. The 2010 Dodge Ram 1500 failed to contain instructions sufficient to alert consumers to the dangers the 2010 Dodge Ram 1500 posed and to give them the information necessary to avoid or mitigate those dangers.

28.    Plaintiff used the 2010 Dodge Ram 1500 for its intended purpose.

29.    Plaintiff could not have discovered any defect in the 2010 Dodge Ram 1500 through the exercise of due care.

30.    Defendant as designers, manufacturers, marketers, and distributors of vehicles, including the 2010 Dodge Ram 1500, are held to a level of knowledge of an expert in their field.

31.    Plaintiff did not possess the same or substantially the same knowledge as the vehicle's designer, manufacturer, marketer and/or distributor.

32.    The 2010 Dodge Ram 1500 is an unreasonably dangerous product that Defendant knew or should have known was in an unreasonably dangerous condition. Therefore, Defendant

7

should not have marketed, distributed, sold and/or placed the product into the stream of commerce. Indeed, a reasonable and prudent manufacturer aware of the dangerous condition of the product would not have marketed, distributed, sold and/or placed the product into the stream of commerce.

33.     Plaintiff was and is in the class of persons that Defendant should have considered to be subject to the harm caused by the defective and dangerous condition of the 2010 Dodge Ram 1500.

34.     The 2010 Dodge Ram 1500 was used in the manner for which the Defendants intended, which resulted in severe physical, mental, emotional, financial, and other injuries to Plaintiff.

35.     Defendants knew or should have known through crashworthiness testing, adverse event reporting, or otherwise that the 2010 Dodge Ram 1500 created a high risk of bodily injury or serious harm.

36.     Defendants failed to provide adequate and timely warnings or instructions regarding the 2010 Dodge Ram 1500 and its known defects.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff was injured and is entitled to recover damages for her bodily injuries, lost wages, physical and mental pain, past and future medical expenses, past and future pain and suffering, increased risk of future harm and permanent injury. Additionally, Plaintiff is entitled to recover punitive damages, attorney's fees and expenses.

**WHEREFORE,** Plaintiff respectfully demands the following:

a.  Judgment against Defendant for all damages to which Plaintiff is entitled by law, including punitive damages in excess of $75,000;

b.  All costs incurred in the pursuit of this case, including reasonable attorneys' fees;

8

c.  Restitution of all purchase costs and disgorgement of all profits from monies that Plaintiffs paid for the 2010 Dodge Ram 1500, together with damages, interest, costs and attorneys' fees, and such other relief as provided by law;

d.  An award of any and all applicable statutory damages, including all applicable exemplary and punitive damages;

e.  All pre-judgment and post-judgment interest; and

f.  Any other relief that this Court deems to be just and equitable.

## COUNT II – STRICT PRODUCT LIABILITY
### (Design Defect)

38.   Plaintiff realleges and reincorporates each of the allegations above and below as if set forth fully herein.

39.   Defendant failed to provide adequate and timely warnings or instructions regarding the 2010 Dodge Ram 1500 and its known defects.

40.   Defendant designed, manufactured, and/or supplied the 2010 Dodge Ram 1500 and placed this vehicle into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the 2010 Dodge Ram 1500.

41.   The 2010 Dodge Ram 1500 was defective in design or formulation at the time it left the hands of Defendant because the foreseeable risks exceeded the benefits associated with the design or formulation.

42.   The 2010 Dodge Ram 1500 was expected to and did reach the Plaintiff without substantial change in condition.

9

43.     The 2010 Dodge Ram 1500 was defective in design or formulation because the 2010 Dodge Ram 1500 was unreasonably dangerous and more dangerous than the ordinary consumer would expect at the time it left the Defendant's hands.

44.     The 2010 Dodge Ram 1500 was defective due to inadequate design, inadequate warnings, inadequate testing, study or trials, inadequate exposure to the real risks inherent with the vehicle as determined by crashworthiness trials, and inadequate reporting of the results of crashworthiness trials, and post marketing crashworthiness experiences with the 2010 Dodge Ram 1500.

45.     The 2010 Dodge Ram 1500 was defective due to inadequate post-marketing warnings or instructions after Defendants knew or had reason to know of the risk of injury from the 2010 Dodge Ram 1500. Defendants failed to provide adequate warnings to the dealerships, consumers, and the public, including the Plaintiff, and continued to aggressively market the vehicle as safe and effective.

46.     The 2010 Dodge Ram 1500 was designed, manufactured, distributed, tested, sold, marketed, and advertised defectively by the Defendant.

47.     As a direct and proximate result of Defendant's conduct, Plaintiff was injured and is entitled to recover damages for her bodily injuries, lost wages, physical and mental pain, past and future medical expenses, past and future pain and suffering, increased risk of future harm and permanent injury. Additionally, Plaintiff is entitled to recover punitive damages, attorney's fees and expenses.

**WHEREFORE,** Plaintiff respectfully demands the following:

    a.  Judgment against Defendant for all damages to which Plaintiff is entitled by law, including punitive damages in excess of $75,000;

   b.  All costs incurred in the pursuit of this case, including reasonable attorneys' fees;

   c.  Restitution of all purchase costs and disgorgement of all profits from monies that Plaintiffs paid for the 2010 Dodge Ram 1500, together with damages, interest, costs and attorneys' fees, and such other relief as provided by law;

   d.  An award of any and all applicable statutory damages, including all applicable exemplary and punitive damages;

   e.  All pre-judgment and post-judgment interest; and

   f.  Any other relief that this Court deems to be just and equitable.

## COUNT III – STRICT PRODUCT LIABILITY
### (Manufacturing Defect)

48.    Plaintiff realleges and reincorporates each of the allegations above and below as if set forth fully herein.

49.    Defendant failed to provide adequate and timely warnings or instructions regarding the 2010 Dodge Ram 1500 and its known defects.

50.    The 2010 Dodge Ram 1500 is defectively manufactured because the foreseeable risks of mechanical malfunction and failure outweigh the benefits associated with the 2010 Dodge Ram 1500.

51.    The 2010 Dodge Ram 1500 was expected to and did reach the Plaintiff without substantial change or adjustment to its mechanical function.

52.    Defendant knew or should have known of the manufacturing defects and the risk of serious bodily injury that exceeded the benefits associated with the 2010 Dodge Ram 1500.

53.    The 2010 Dodge Ram 1500 and its defects presented an unreasonably dangerous risk beyond that which an ordinary consumer would reasonably expect.

11

54.     As a direct and proximate result of Defendant's conduct, Plaintiff was injured and is entitled to recover damages for her bodily injuries, lost wages, physical and mental pain, past and future medical expenses, past and future pain and suffering, increased risk of future harm and permanent injury. Additionally, Plaintiff is entitled to recover punitive damages, attorney's fees and expenses.

**WHEREFORE,** Plaintiff respectfully demands the following:

a.  Judgment against Defendant for all damages to which Plaintiff is entitled by law, including punitive damages in excess of $75,000;

b.  All costs incurred in the pursuit of this case, including reasonable attorneys' fees;

c.  Restitution of all purchase costs and disgorgement of all profits from monies that Plaintiffs paid for the 2010 Dodge Ram 1500, together with damages, interest, costs and attorneys' fees, and such other relief as provided by law;

d.  An award of any and all applicable statutory damages, including all applicable exemplary and punitive damages;

e.  All pre-judgment and post-judgment interest; and

f.  Any other relief that this Court deems to be just and equitable.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial.

Respectfully submitted,

/s/ Patrick Preller
Patrick Preller, Esq. (9812170058)
Preller Law Firm, LLC
16 S, Frederick Street, 3rd Floor
Baltimore, Maryland 21202
Phone (410) 539-0042
Fax (410) 539-2955

12

ppreller@prellerlawfirm.com
*Counsel for Plaintiff*